IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Case No. 18-10172-01-JWB

AMY S. BELL,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to reduce sentence under 18 U.S.C. § 3582. (Doc. 41.) The government has filed a response. (Doc. 42.) No reply has been filed and the time for doing so has expired, making the motion ripe for decision. For the reasons stated below, the motion to reduce sentence is DENIED.

**I. Facts and Procedural History**

Defendant entered a plea of guilty on April 4, 2019, to a one-count indictment[1] charging unlawful possession of a firearm by a previously convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docs. 7, 28.) At sentencing, the court found Defendant's total offense level under the federal sentencing guidelines was 23 and her Criminal History Category was VI, resulting in an advisory sentencing guideline range for imprisonment of 92 to 115 months. (Doc. 38.) The court imposed a sentence of 96 months. (Doc. 37.) Judgment was entered on July 30, 2019. (*Id.*)

---

[1] A two-count superseding indictment against Defendant was dismissed upon motion of the government. (Doc. 37 at 1.)

On December 28, 2020, Defendant filed a motion for release under 18 U.S.C. § 3582(a)(1)(A). (Doc. 41.) The motion alleges that Defendant contracted COVID-19 in July 2020 and, although her medical records state she is now asymptomatic, she contends she still has shortness of breath, fatigue, and that her heart flutters, all of which she considers after-effects of COVID-19. (*Id.* at 5.) Defendant contends the prison is not able to maintain social distancing among inmates and staff. (*Id.* at 6.) Defendant also complains that her sentence for possession of a single firearm is higher than the sentences some other inmates received for possession of multiple firearms. (*Id.*) Defendant's motion and attachments indicate she takes medication for seizures and joint inflammation, among other things, and that she has been diagnosed with cardiac arrhythmia. (Docs. 41-1 at 4, 41-2 at 4.) Defendant is concerned that she may recontract the virus and seeks a reduction that would allow her to be released.

Defendant is currently incarcerated at FMC Carswell, an administrative security medical center in Fort Wort, Texas. According to the Bureau of Prisons' website, Defendant's projected release date is January 18, 2026. FED. BUREAU OF PRISONS, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed Mar. 5, 2021). The government asserts that Defendant's earliest release date is December 22, 2025. (Doc. 42 at 5.) The BOP reports that FMC Carswell currently has 7 active COVID-19 cases among inmates, 3 active cases among staff, 6 prior inmate deaths related to COVID-19, no staff deaths, 768 inmate recoveries (out of a total inmate population of 1,322, including 228 inmates at a satellite camp), and 1 staff recovery. *Id.*, https://www.bop.gov/coronavirus/ (last accessed Mar. 5, 2021).

The government opposes the motion. The government concedes Defendant has met the statutory exhaustion requirement, but argues she has failed to show that her medical conditions are

2

severe enough to warrant early release. (Doc. 42 at 7, 15.) Moreover, it argues the factors in 18 U.S.C. § 3553 weigh against a reduction. (*Id.* at 16.)

**II. Legal Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Under the amendment, a defendant may now file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). This requirement is jurisdictional. *Id*.

Next, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c)...and a determination has been made ...that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(i-ii). The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a

serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, *2 (D. Kan. Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (holding defendant bears the burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020). *See also United States v. Hendricks*, No. 18-10036-JWB, 2021 WL 700008, at *2 (D. Kan. Feb. 23, 2021).

### III. Analysis

A. Exhaustion

Defendant has satisfied the exhaustion requirement. Her administrative request for relief was denied by the warden of the facility on May 9, 2020. (Doc. 41-2 at 3.)

B. Extraordinary and Compelling Circumstances

The court finds Defendant has failed to establish extraordinary and compelling circumstances that warrant consideration of a reduced sentence. Although Defendant has shown that she suffers from certain medical conditions, she has not shown that these conditions present a severe threat to her health when considered with the prospect of contracting COVID-19 a second time. Notwithstanding Defendant's alleged ongoing symptoms, Defendant has failed to show a significant risk that BOP cannot provide adequate care or that she is at a high risk of severe complications if she were to contract a second COVID-19 infection. *Cf. United States v. Baker,*

4

No. 12-10076-01-JTM, 2021 WL 699935, at *2 (D. Kan. Feb. 23, 2021) (noting prisoner, who had the burden to establish a reduction was warranted, failed to present any medical evidence showing that a recovery from COVID-19 fails to provide substantial protection from reinfection.)

    C.  Sentencing Factors

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020). Some of the sentencing factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Even if Defendant had shown a condition sufficient to warrant consideration as an extraordinary and compelling circumstance, the sentencing factors in § 3553 show that a reduction in her sentence is not warranted. Defendant's offense level in this case included enhancements for possession of a stolen firearm and possession of the firearm in connection with another felony offense – namely, the sale of heroin. (Doc. 31 at 7.) The firearm was loaded at the time she possessed it. (*Id.*) Additionally, the offense level reflected the fact that Defendant had a prior felony conviction for aggravated assault with a deadly weapon. (*Id.*) She committed the instant offense while under a criminal justice sentence, and her various prior offenses placed her in Category VI, the highest criminal history category under the sentencing guidelines.

Defendant has currently served less than 30 months of a 96-month sentence. Defendant's history and characteristics, the need for the sentence to reflect the seriousness of the offense, the

need for the sentence to afford adequate deterrence, and the need for the sentence to protect the public from further crimes of Defendant, all weigh strongly against the requested reduction. After considering all of the circumstances, the court concludes that a reduction in sentence is not warranted and should be denied.

**IV. Conclusion**

Defendant's motion for sentence reduction under § 3582 (Doc. 41) is DENIED. IT IS SO ORDERED this 8th day of March, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE