IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 18-10172-01-JWB

AMY S. BELL,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for reconsideration. (Doc. 44.) The government has filed a response. (Doc. 45.) No reply has been filed and the time for doing so has expired, making the motion ripe for decision. For the reasons stated herein, the motion for reconsideration is DENIED.

**I. Background**

On March 9, 2021, the court denied Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 43.) Over two years later, Defendant filed the instant motion for reconsideration, which argues that a sentencing reduction is warranted based on Defendant's post-sentencing rehabilitation. (*Id.* at 1-2) (citing *Pepper v. United States*, 562 U.S. 476 (2011)).

**II. Standards**

The Federal Rules of Criminal Procedure do not authorize a motion for reconsideration. *United States v. Warren*, 22 F.4th 917, 922 (10th Cir. 2022) (citing *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011)). The Tenth Circuit has nonetheless held that "[m]otions to reconsider are proper in criminal cases." *Id.* (quoting *United States v. Christy*, 739 F.3d 534, 539

(10th Cir. 2014)). As *Warren* noted, "[t]he Supreme Court has recognized motions for reconsideration in criminal proceedings at least since *United States v. Healy*," 376 U.S. 75, 77–78 (1964). *Warren*, 22 F.4th at 922 (citation omitted). The specific grounds which allow granting such motions include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015). But "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.*

### III. Analysis

Defendant has not shown that reconsideration of the previous ruling is appropriate. Defendant has shown no intervening change in the controlling law or the need to correct clear error or prevent manifest injustice. To the extent Defendant cites new evidence of her rehabilitation efforts that was not available at the time of her prior motion, the court concludes that this evidence does not warrant reconsideration of the court's prior ruling. As the court noted in its earlier order, Defendant failed to show a significant risk to her health (the primary basis for her motion) and a weighing of the § 3553 factors showed that a reduction in sentence was not warranted. (Doc. 43 at 4-5.) As the court noted at the time, her conduct involved unlawful possession of a firearm by a convicted felon and included enhancements for possessing a stolen firearm and doing so in connection with the sale of heroin. She had a prior felony conviction for aggravated assault with a deadly weapon, committed the instant offense while under a criminal justice sentence, and had a criminal history category of VI, the highest category under the federal sentencing guidelines. Although Defendant's rehabilitation efforts are commendable, they do not warrant reconsideration of the court's prior ruling.

**IV. Conclusion**

Defendant's motion for reconsideration (Doc. 44) is DENIED. IT IS SO ORDERED this 21st day of August, 2023.

                                              _____s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE